UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22213-GAYLES

ROBERT LEE SCOTT, JR.,

   Plaintiff,
v.

EARL NATTER,

   Defendant,
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff, Robert Lee Scott, Jr., appearing *pro se*, filed this action on May 30, 2019. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* the same day [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Independent of its duty under Section 1915(e) to evaluate the claim of a party proceeding *in forma pauperis*, the Court is obligated to consider *sua sponte* whether a claim falls within its subject matter jurisdiction and dismiss the claim if it finds subject matter jurisdiction to be lacking.[1] *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *see also Dutta-Roy v. Fain*, No. 14-0280, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014); accord Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction . . . refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations and internal quotation marks omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

In his Complaint, Plaintiff alleges that, following a traffic stop, the Miami-Dade Police took $4,699 from Plaintiff. Plaintiff contends that Defendant Officer Earl Natter told him that the money would be "in his property" but that Defendant Natter never gave the money to the officer who transported Plaintiff to jail. Plaintiff attaches the arrest affidavit from the incident, dated May 20, 2006, and an Order for the Return of Personal Property directing that

---

1 Notably, if the Court lacks subject matter jurisdiction over a case, the complaint is also frivolous under Section 1915(e). *See Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).

the Miami Dade Police Department return the seized $4,699 to Plaintiff, dated October 1, 2008. [ECF No. 1-1].

Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. While Plaintiff appears to be alleging that Defendant Natter took his money, he makes no demand for the relief sought. *See* Fed. R. Civ. P. 8. It is unclear whether Plaintiff is asking this Court to enforce the Florida County Court's Order directing the return of the funds or whether he seeks some additional relief against Defendant Natter.[2] As a result, this action must be dismissed without prejudice for failure to state a claim. In addition, based on the limited allegations in the Complaint, the Court is unable to ascertain whether it has subject matter jurisdiction over this action. Based thereon, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of July, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

2     It is also unclear whether, in the almost eleven years since the Florida County Court issued its Order for the return of the property, Plaintiff sought to enforce the Order in the Florida courts.

3